# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Jessco, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: 2:08-CV-1759-PMD |
| v. | ) | |
| | ) | |
| Builders Mutual Insurance Co., | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon remand by the Fourth Circuit and upon Plaintiff Jessco's Amended Motion for Award of Fees and Costs *After* Remand.

## BACKGROUND

Homeowners, Glenn and Tracie Mazyck, sued the builder of their home, Jessco, Inc., for defects, deficiencies, and other problems related to the construction of their home. The parties pursued their claims through arbitration, as required by the contract. Jessco was told by its insurer, Builders Mutual Insurance Co. ("BMIC"), that it did not have a duty to defend Jessco because the Mazyck's claims were not covered by the CGL Policy, and Jessco failed to promptly notify it of the lawsuit. Jessco then initiated a declaratory judgment action against BMIC and Arrowood Indemnity Co.,[1] which was removed to this Court. After an arbitration hearing on the Mazyck's claims, the arbitrator entered an award ordering Jessco to pay almost $55,000.00 in damages for various items that were in need of repair or completion. As to a flooding issue, the arbitrator awarded a $10,000.00 allowance for re-grading of the lot. In an Order filed on January 29, 2010, this Court found that coverage did exist for the claims related to flooding and that

---

[1] Arrowood is no longer a party to this action because it settled with Jessco prior to this Court's Final Order on January 29, 2010.

1

Jessco was entitled to $10,000.00 from BMIC. This Court also held that pursuant to *Hegler v. Gulf Insurance Co.*, 270 S.C. 548 (1978), Jessco was entitled to an award of $68,695.20.00 from BMIC, which reflected the amount in attorney fees and costs Jessco incurred after BMIC failed to defend it in the Mazyck's suit prior to the arbitration of the underlying action and up to and including the costs associated with the declaratory judgment action. Final Judgment was entered on January 29, 2010 awarding Jessco $78,695.20.00 (and post-judgment interest) from BMIC. BMIC appealed, and the Fourth Circuit entered its decision on March 29, 2012. Thereafter, Jessco filed an Amended Motion for Fees and Costs requesting that this Court award it attorney fees and costs incurred on appeal.

## ANALYSIS

I. <u>No Duty to Indemnify</u>

The Fourth Circuit found that BMIC had no duty to indemnify Jessco in the amount of $10,000.00—the re-grading allowance awarded by the arbitrator. It determined that the arbitrator's award was not compensation for negligence by Jessco in grading the property, but was compensation for a breach of contract. Because the Policy unambiguously excluded coverage for breach of contract damages, it held that this Court erred in requiring BMIC to pay Jessco for the flooding damage.

Based on the above decision by the Fourth Circuit, this Court amends its previous Judgment and deducts $10,000.00 from the total amount previously awarded. The Fourth Circuit affirmed this Court's award of attorney fees and costs as damages for BMIC breach of its duty to defend. Therefore, this Court finds that Jessco is entitled to a Judgment in the amount of $68, 695.20.00 plus post-judgment interest from BMIC.

II. Appellate Attorney Fees & Costs

After the Fourth Circuit issued its opinion, Jessco filed a Motion requesting that this Court order BMIC to pay Jessco's attorney's fees and costs incurred *on appeal*. Generally, "in the absence of contractual or statutory liability, [] attorney's fees are not recoverable as item of damages." *U.S. Rubber Co. v. White Tire Co.*, 231 S.C. 84, 96 (1956). Here, Jessco is not asserting any statutory right to recover, so it must recover, if at all, upon a contractual right.

    1.    *Hegler v. Gulf Insurance Co.*

South Carolina courts have unanimously found that an insured may be entitled to reasonable attorney fees and costs for defending the underlying action brought against it as well for bringing a declaratory judgment action against the insurer. The authority upon which the courts have made these awards is *Hegler v. Gulf Insurance Co.*, 270 S.C. 548 (1978) and its progeny.

In *Hegler*, the issue was whether an insured was entitled to recover attorney fees incurred in the successful defense of a declaratory judgment action brought by the insurer in an effort to relieve itself of coverage under an insurance policy. *Id.* at 548. In finding that the insurer was required to pay the insured's attorney's fees, the court stated:

> an insured must employ counsel to defend - in the first instance in the damage action and in the second in the declaratory judgment action to force the insurer to provide the defense. In both, the counsel fees are incurred because of the insurer's disclaimer of any obligation to defend.

*Id.* at 550. Thus, the court held:

> If the insurer ***can force [the insured] into a declaratory judgment proceeding*** and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right mentioned above. Other courts have refused to impose such a burden upon the insured.

3

*Id.* at 551 (emphasis added). The equitable considerations and policy behind the court's holding rested on the insurance company's ability to avoid a contractual duty to defend at the expense of the insured by creating the need for a declaratory judgment action. South Carolina courts have upheld awards for attorney fees and costs to an insured as damages arising from an insurer's breach of contract when the fees and costs arise out of the underlying action and the declaratory judgment action. *See Gordon-Gallup Realtors, Inc. v. Cincinnati Ins. Co.*, 274 S.C. 468 (1980) (awarded attorney's fees to insured who brought declaratory judgment action against insurer and prevailed); *Unisun Ins. Co. v. Hertz Rental Corp.*, 312 S.C. 549, 554, (Ct. App. 1993) ("An insurer that breaches its duty to defend and indemnify the insured may be held liable for the expenses the insured incurs in providing for his own defense."); *First Financial Ins. Co. v. Sea Island Sport Fishing Society*, Inc., 327 S.C. 12 (1997) (declining to overrule *Hegler*); *State Auto Prop. & Cas. Ins. Co. v. Raynolds*, 357 S.C. 219, 226 (2004) (stating that it is "well-settled in South Carolina that when a defendant insured prevails in a declaratory judgment action, the insured is entitled to recover attorney's fees"). Whether an insured is also entitled to recover attorney fees and costs incurred *on appeal* when (1) the insurer appeals the trial court's ruling for the insured in a declaratory judgment action, and (2) the appellate court affirms the lower court's judgment with regard to the insurer's duty to defend, has never been addressed by the South Carolina Courts.

The only[2] basis upon which Jessco now moves before the Court is *Hegler*—the authority upon which this Court relied to previously award Jessco attorney fees and costs. Jessco simply states that "whether those fees arise in the context of the declaratory judgment action in the trial

---

[2] Plaintiff concedes that it is not seeking fees pursuant to any statute; there was no finding by this Court that BMIC acted unreasonably or in bad faith.

court or in its appeal" makes no difference because in either case, "the insured is doing no more than attempting to protect its contractual right to a defense," as acknowledge in *Hegler*. Pl.'s Reply Memo 5. Jessco argues that the rationale in *Helger* for providing relief to an insured when it is "forced" into a declaratory judgment action and wins should apply equally when the insured is forced to employ counsel to defend its rights on appeal from that action and wins.

Here, the Fourth Circuit affirmed this Court's judgment on the duty to defend issue, which is the "win" that Jessco is referring to in its Motion. As discussed above, the Fourth Circuit reversed only as to this Court's finding that BMIC had a duty to indemnify Jessco in the amount of $10,000.00. BMIC argues that reversal by the Fourth Circuit, on the basis that the flooding damages assessed against Jessco by the arbitrator were not covered by the Policy, necessitates a finding for it on Jessco's motion for attorney fees and costs incurred on appeal. Namely, because that reversal means none of the damages originally assessed against Jessco by the arbitrator were in fact covered by the Policy. The Court disagrees. The Fourth Circuit concluded that BMIC was ultimately not liable to the insured for the cost of damages attributed to the flooding of the Mazyck's home. But, the Motion before the Court seeks payment of attorney fees and costs as damages suffered by Jessco for BMIC's breach of its duty to defend, *not* its duty to indemnify. South Carolina courts have established that

> '[t]he duty to defend is separate and distinct from the obligation to pay a judgment rendered against the insured. Although these duties are related in the sense that the duty to defend depends on an initial or apparent potential liability to satisfy the judgment, the duty to defend exists regardless of the insurer's ultimate liability to the insured.'

*USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 654 (2008) (quoting *Sloan Constr. Co. v. Central Nat'l Ins. Co. of Omaha*, 269 S.C. 183, 186–87 (1977) (internal citation omitted)). Because the duty to defend arises irrespective of the final outcome of the action with respect to

liability, the Court is not persuaded by BMIC's argument. *See First Financial Ins. Co.*, 327 S.C. at 15 (finding that whether the insurer "is obligated to defend an action . . . is based on the allegations of the complaint"). Furthermore, in *Security Ins. Co. of Hartford v. Campbell Schneider & Assocs., LLC*, this Court held that under South Carolina law it was not precluded from awarding attorney fees to an insured after judgment was found for the insured in the declaratory judgment action as to the duty to defend issue *only*. 481 F. Supp. 2d 496, 502 (D.S.C. 2007) (emphasis added). This Court concluded that an award of attorney's fees was warranted despite the fact that it did not determine if the insurer had a duty to indemnify. *Id.*; *see also First Fin. Ins. Co. v. Sea Island Sport Fishing Soc'y Inc.*, 327 S.C. 12, 16-17 (1997) (Supreme Court of South Carolina approved an award of attorney's fees to an insured in defending the declaratory judgment action where the lower found the insurer had a duty to defend).

BMIC also argues that Jessco is not entitled to an award of appellate attorney fees and costs because "[t]here is simply no legal authority" supporting such an award. As the Court acknowledged above, it is true that, to date, no court has explicitly extended *Hegler* to award appellate fees and costs to an insured. Notably, BMIC does not provide any authority demonstrating that *Hegler* does not apply to support such an award. BMIC merely points out that Appellate Rule 222, discussed below, provides for costs on appeal and limits jurisdiction to grant such an award to the appellate court. Jessco concedes that this a novel issue. Jessco argues that pursuant to *Hegler*, there is no logical reason why this Court cannot properly award it appellate attorney fees and costs because on appeal it is doing no more than attempting to protect its contractual right to a defense.

When BMIC appealed the declaratory judgment action, it was still seeking to avoid its obligation to defend, just as it sought to avoid its' duty to defend at the trial level. Thus, after

6

prevailing at the trial level, Jessco was forced into the appellate process by BMIC, thereby bearing the expense, just as it was forced to bring the initial declaratory action to protect and enforce its rights. Jessco prevailed at the trial level, and on appeal, the Fourth Circuit found BMIC had a duty to defend and affirmed this Court's judgment and damages award on that issue. *Hegler* held that an insured is entitled to recover attorney's fees and costs following a successful defense of a declaratory judgment *action. See Hegler*, 270 S.C. at 548 (emphasis added). The holding in *Hegler* necessarily encompasses fees and costs incurred at the appellate level of that action. The appellate expenses, like the trial level expenses, are damages arising directly out of the insurer's breach of its duty to defend. Therefore, the Court finds that Jessco is entitled to recover reasonable attorney fees and costs of defending this action on appeal from BMIC, just as it was at the trial level. *See Hegler*, 270 S.C. at 551 ("After all, the insurer had contracted to defend the insured, and it failed to do so. It guessed wrong as to its duty, and should be compelled to bear the consequences thereof.").

    2.    Appellate Rule 222, SCACR

Rule 222 does not prohibit an award pursuant to *Hegler* nor does it divest this Court of authority to make such an award. Sections (a) and (b) of Rule 222 state: "When an appeal is affirmed or reversed in part or is vacated, costs shall be allowed only as ordered by the appellate court." "In addition, the party shall be entitled to recover an attorney's fee in an amount which shall be set by order of the Supreme Court." Rule 222(b). However, the Rule "'does not preempt an award of attorney's fees to which one is otherwise entitled.'" *Muller v. Myrtle Beach Golf & Yacht Club*, 313 S.C. 412, 416 (1993)[3] (*citing McDowell v. S.C.D.S.S.*, 304 S.C. 539, 543 (1991). Thus, the Court may grant an award pursuant to *Hegler* because the authority pursuant to

---

[3] The Court notes that in *Muller*, such a finding—that a party was "otherwise entitled" to such an award—was made pursuant to a statute, not upon a contractual right as in the case at hand.

*Hegler* and the authority vested in the court of appeals pursuant to Rule 222 are not mutually exclusive.

Upon remand, this Court has jurisdiction to enforce the judgment and take any actions consistent with the Fourth Circuit's ruling. The rule announced in *Hegler* does not limit the collection of attorney fees to a specific court or level of courts. And BMIC has not suggested that "such a ruling [by the District Court] would contravene the ruling of the court of appeals. *See e.g., Bins v. Artison*, 764 F. Supp. 129, 131, 131 (E.D. Wis. 1991) (On appeal of a 1983 action, the court affirmed that (pursuant to a statute) defendants were obligated to pay attorney's fees and costs plaintiff "'*incurred in defending this action*,'" and upon remand, the District Court awarded attorney fees and costs incurred on appeal finding that "legal fees incurred in defending the appeal are also properly viewed as legal fees 'incurred in defending this action.'") (emphasis in original). Therefore, the Court finds that pursuant to *Hegler*, it may award appellate attorney fees and costs to an insured, as damages flowing from an insurer's breach of its duty to defend. *See Trustees of the Painters Union Deposit Fund v. Interior/Exterior Specialist, Co.*, No. 05-70110, 2011 WL 204750, at *3 (E.D. Mich. Jan. 21, 2011) ("[T]he Sixth Circuit holds that a request for appellate attorney fees should be considered by the district court first."); *see also Penton v. Am. Bankers Ins. Co.,* 115 F. App'x 685, 687 (5th Cir. 2004) ("The issue of appellate attorney's fees is a matter for the district court on remand following resolution of the underlying appeal.")

### 3. Reasonableness of Fees/Costs

The Court cannot determine an appropriate fee award because the descriptions on the client ledger for those actions taken by Plaintiff's attorney starting March 1, 2010 through May

12, 2010 are vague. The Court orders Plaintiff's counsel to submit clearer records, specifically stating whether the actions taken within this time frame were (2) related to collection activities in the underlying action; (2) related to BMIC's Motion on Joint Rule 60(b); or (3) related to Fourth Circuit procedures/requirements.

## CONCLUSION

Based on the foregoing, the previous Judgment entered by this Court is hereby **AMENDED** to award Jessco $68,695.20.00 plus post-judgment interest from BMIC. It is also **ORDERED** that Jessco's Motion for Award of Fees and Costs *After* Remand is **GRANTED** in an amount determined after receipt of Plaintiff's amended records, submitted to the Court within **10 days** from the date of this Order.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**May 3, 2012**
**Charleston, SC**