# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Jessco, Inc., | ) |
| Plaintiff, | ) |
| | ) C.A. No.: 2:08-CV-1759-PMD |
| v. | ) |
| Builders Mutual Insurance Co., | ) **ORDER** |
| Defendant. | ) |

This matter is before the Court upon receipt of Plaintiff's Memorandum and Clarification of Fees Statement submitted at the Court's request on May 4, 2012.

## AWARD OF ATTORNEY FEES & COSTS

The determination of the reasonableness of a fee award begins with the court's calculation of the lodestar figure. *See Robinson v. Equifax Information Servs*., LLC, 560 F.3d 235, 243 (4th Cir. 2009). The lodestar amount is calculated by taking the "number of hours reasonably expended on the litigation [and] multipl[ying] [it] by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, (1983). "If the hourly rate is properly calculated, the product of reasonable hours times the reasonable rate normally provides a reasonable attorney's fee . . . ." *Daly v. Hill*, 790 F.2d 1071, 1077 (4th Cir. 1986) (internal quotation marks and citations omitted). The Fourth Circuit has adopted a 12-factor test for making a lodestar determination:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the litigation; (5) the customary

1

> fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Burnley v. Short*, 730 F.2d 136, 141 n.2 (4th Cir. 1984). These factors need not be strictly applied. *See E.E.O.C. v. Serv. News. Co.*, 898 F.2d 958, 965 (4th Cir. 1990).

On April 2, 2012, Plaintiff's counsel submitted a Motion for Fees and Costs *After Remand* and attached a client ledger that showed Jessco had incurred attorney fees from January 14, 2010 to January 26, 2012 in the amount of $41,172.50.00, exclusive of time spent on the motion.[1] The costs incurred on appeal were $651.00. Plaintiff's counsel bills $200.00 per hour.

BMIC did not contend that the hourly rate was unreasonable,[2] but argued that the fees were excessive. According to the client leger, beginning on February 24, 2010[3] up through oral argument before the Fourth Circuit on January 26, 2012, counsel expended approximately 200 hours of labor. Counsel provided descriptions of the work performed and the time spent on each

---

[1] Counsel does not state what amount of time he spent in preparing the motion.
[2] In any event, in relying on its own knowledge of the market, the Court finds Plaintiff's counsel's rate of $200.00 adequately takes the relevant factors into account and is reasonable. *See CoStar Group, Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000) (finding that the court may rely on its own knowledge of the market in the absence of sufficient documentation). Attorney Steven L. Smith has been practicing law for over twenty five years. He currently practices at Smith & Closser, PA, previously Smith & Collins, P.A., which Mr. Smith founded. *See Burns v. Anderson,* No. 1:02CV1326 JCC, 2006 WL 2456372, at *9 (E.D.Va. Aug. 22, 2006) ("In *American Canoe Association v. United States Environmental Protection Agency*, 138 F. Supp. 2d 722 (E.D.Va. 2001), [the United States District Court for the Eastern District of Virginia] approved hourly rates ranging from $200.00 to $250.00 for attorneys with experience equivalent to that of a partner, $100.00 to $150.00 for attorneys with experience equivalent to that of an associate, and $55.00 to $85.00 for paralegals.").
[3] BMIC appealed this Court's Order dated January 29, 2010; therefore, the Court begins its examination of the ledger with the first fee incurred by Jessco after this date.

task. *See NGM Inc. Co. v. Carolina's Power Wash & Painting, LLC*, No. 2:08-3378, 2010 WL 3258134, at *4 (D.S.C. July 6, 2010) (stating that "fee applicant has burden of proving hours spent and how those hours were allotted to specific tasks"). After the Court determined that several descriptions were vague, Plaintiff's counsel submitted a memorandum clarifying those tasks specifically carried out starting March 1, 2010 through May 12, 2010. In that memorandum, Plaintiff acknowledged that a portion of the expenses incurred in that time frame, totaling $3,396.25.00, were in fact associated with tasks unrelated to BMIC's refusal to defend and should therefore be excluded. The Court agrees. Additionally, 15.25 hours of labor carried out in that time frame were spent on matters related to the underlying action that had developed since this Court's January 29, 2010 Order. Because BMIC had a duty to defend Jessco in the underlying action, the cost for these hours, just like those incurred prior to appeal and previously awarded to Jessco, are the responsibility of BMIC.

After excluding those hours expended on tasks unrelated to BMIC's breach of its duty to defend, counsel spent 182.75 hours for which BMIC must pay. In light of the information provided and known to the Court, the amount of hours spent by Plaintiff's counsel defending Jessco in these matters is reasonable.

Multiplying the number of hours Steven Smith spent after BMIC appealed this matter by his hourly rate of two hundred ($200.00) dollars yields a fee of $36,501.25.00.[4] The Court has also reviewed the request for costs in this matter of $651.00 and finds those costs to be reasonable.

---

[4] After altering the calculation to reflect that according to the client ledger, .75 hours were billed at a lower rate of $135.00 per hour.

## **CONCLUSION**

It is therefore **ORDERED** that Plaintiff Jessco is entitled to a $37,152.25.00 award from Defendant, which shall bear post-judgment interest at the legal rate.

**AND IT IS SO ORDERED.**

							_____
							PATRICK MICHAEL DUFFY
							United States District Judge

**May 18, 2012**
**Charleston, SC**